DANIEL A. HANSON V. ANDREW LAWSON.

1. JUSTICE OF THE PEACE; *Jurisdiction; Actions for the Recovery of Money Only.* A justice of the peace has original jurisdiction of the subject-matter of an action commenced before him to recover damages for a breach of a personal contract to cut and reap certain rye and wheat, where the amount claimed does not exceed three hundred dollars.

2. EVIDENCE; *Damages on Breach of Contract; Market-Value.* In an action brought by A. against B. to recover damages for the failure of B. to cut and reap certain rye and wheat belonging to A. according to a contract between A. and B., whereby A. was greatly damaged by the loss of his grain, it is not error to allow A., on the trial, to show the worth of wheat at the county-seat of the county where the case is tried, and in which the grain was to have been cut, when such county-seat is the nearest market to where the grain grew.

3. VERDICT—*To be in Writing, and Signed.* In an action before a justice of the peace, the verdict of the jury should be in writing, and signed by the foreman of the jury. It is not necessary that all the jurors should sign their names to the verdict.

*Error from Cloud District Court.*

ACTION by *Lawson,* to recover damages for an alleged breach of contract. *Hanson,* defendant, removed the case from a justice's court to the district court, where, at the October Term 1876, the justice's judgment was affirmed. *Hanson* now brings the case here.

*L. J. Crans,* for plaintiff in error.

*M. V. Jones,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was originally commenced before a justice of the peace, to recover the sum of $192 for damages resulting to Lawson for a breach of a contract on the part of Hanson in failing to cut certain rye and wheat belonging to Lawson in accordance with an agreement existing between said parties. Judgment was rendered in favor of Lawson, by the justice, and after a motion for a new trial

14—19 KAS.

was overruled, the case was taken to the district court by a petition in error; and that court having affirmed the judgment of the inferior court, the case is now here for review. The objections to the proceedings of the justice are trivial and unimportant, and none of them justify any lengthy comments.

The first complaint made is, that the justice had no jurisdiction of the subject-matter of the suit. A complete answer to this objection is contained in section 1, ch. 88, laws of 1870, p. 181, which prescribes that, "Under the limitations and restrictions herein provided, justices of the peace shall have original jurisdiction of civil actions for the recovery of money only, and to try and determine the same, where the amount claimed does not exceed three hundred dollars." An action to recover damages for a breach of a personal contract, is a civil action for the recovery of money only, within the statute; and as such is not one of those which justices are prohibited from having cognizance of by the provisions of the justices act of 1868. The justice of the peace had full jurisdiction of the cause.

The second complaint made is, that the defendant in error was permitted to prove the price of wheat at a different place than where the damage occurred. Waiving the question whether a new trial can be granted by a justice on account solely of the admission of irrelevant or incompetent testimony, we think no error was committed by the justice in the admission of the evidence excepted to. To establish damages in the case, it was competent to prove the value or worth of the wheat at the place of Lawson at the time of the injury complained of. As it appeared from the answer to the question, as to the worth of wheat, that there was no market for the sale of wheat where it grew, and as Concordia—the county-seat of the county where the case was tried—was the nearest market, it was not improper for the witness to state its worth at that place. Of course, the opposing party had the right by cross-examination of the witness, and by other evidence, to prove the cost of harvesting and trans-

porting the wheat to Concordia, so that the actual value of the grain at the farm of Lawson could be ascertained. Under the circumstances, the evidence was relevant, and was properly received. It tended to furnish the basis for the measure of damages in the case; and, if not directly, it indirectly tended to prove the value of the grain at the place where it was alleged that Hanson was to cut and harvest the same.

The third complaint made is, that the justice accepted the following verdict, viz.:

(*Title.*) "We the jury by our foreman find for the plaintiff, and assess his damages at $93.50.

"NOAH H. EAVES, *Foreman.*"

And it is contended, that the form of the verdict was defective, as being the verdict of the foreman only, and not that of the jury. It is also claimed that all the jurors should have signed their names thereto. The first objection is insufficient to reverse the judgment, and the second point is not tenable. After the plaintiff in error refused, on inquiry of the justice, to have the jury polled, no material error was committed in accepting the verdict, although somewhat defective in form. The justice should have had the jury correct it before it was received as the verdict, by striking out the words, "by our foreman;" but the failure so to do, under the circumstances, was not prejudicial to the rights of plaintiff in error. The code provides that the verdict shall be written, signed by the foreman, and read to the jury, and the inquiry made whether it is their verdict. The procedure for justices in civil cases makes the provisions of the code applicable to proceedings before justices, where no special provision is made by statute; and as nothing is contained in the procedure before justices as to the form of the verdict, and the manner in which it shall be signed, it is controlled in these respects by the practice adopted in the code.

The final complaint is, that the court overruled the motion for a new trial; and under this objection an attempt is made to show that the verdict was not sustained by the evidence.

As the record shows that evidence was introduced by both parties on the trial for and against the claim of the defendant in error, and as sufficient evidence was introduced to sustain the verdict of the jury, if uncontradicted, and as the verdict has had the approval of the justice hearing the witnesses, and of the district court upon proceedings of review, we cannot, according to the repeated decisions of this court, disturb the verdict, or set aside the judgment.

The judgment of the district court will be affirmed.

All the Justices concurring.